UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL DAVIS,

    Plaintiff,

v.

UNKNOWN,

    Defendants.

No. 2:23-cv-2358 KJN P

ORDER

Plaintiff is a civil detainee, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Screening Standard

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

1  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
2  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
3  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
4  1227.
5        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
6  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
7  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
8  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
9  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
10 formulaic recitation of the elements of a cause of action;" it must contain factual allegations
11 sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.
12 However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
13 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
14 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
15 quotations marks omitted). In reviewing a complaint under this standard, the court must accept as
16 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
17 pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236
18 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

19 Discussion

20       Plaintiff alleges that he is a civil detainee pursuant to California Welfare and Institutions
21 ("W & I") Code § 6602. W & I Code § 6602 refers to persons civilly committed as sexually
22 violent predators ("SVP"). Plaintiff is housed at California State Prison-Sacramento ("CSP-
23 Sac"). Plaintiff alleges that he is "illegally housed and detained" in prison around criminals.
24 Plaintiff alleges that it is against the law to house civil detainees with criminals. Plaintiff alleges
25 that he should be housed at Coalinga State Hospital for treatment. Plaintiff alleges that there is no
26 treatment for W & I Code § 6602 at CSP-Sac.
27       Plaintiff's complaint is dismissed with leave to amend because it does not name any
28 defendant(s). The undersigned cannot determine whether plaintiff states potentially colorable

claims for relief unless plaintiff identifies the defendant(s).  Accordingly, in the amended complaint, plaintiff shall name as defendants those persons responsible for the alleged deprivations.

Plaintiff is informed that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

3

The undersigned also finds that to the extent plaintiff alleges that it is per se unconstitutional to house SVPs in prisons, there is no outright prohibition on housing SVPs in prisons.  Snyder v. Fresno County, 2015 WL 3541077, at *4 (E.D. Cal. June 4, 2015) (citing Jones v. Blanas, 393 F.3d 918, 932 (2004)).

 Plaintiff appears to allege that there is no treatment for SVPs at CSP-Sac.  "[T]he Fourteenth Amendment Due Process Clause requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and released."  Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing Ohlinger v. Watson, 652 F.2d 775, 778 (9th Cir. 1980)).  However, the decisions of qualified professionals regarding treatment are presumed valid and a professional will only be liable when their decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."  Youngberg v. Romeo, 457 U.S. 307, 323 (1982).

If plaintiff files an amended complaint, he shall clarify his claim that there is no treatment for SVPs at CSP-Sac.  Plaintiff shall describe the mental health treatment he believes he should receive based on his SVP commitment.  Plaintiff shall address why any mental health treatment he receives at CSP-Sac does not adequately treat his mental health problems related to his SVP commitment.  As discussed above, plaintiff shall also name as defendants those persons allegedly responsible for his failure to receive mental health treatment related to his SVP commitment at CSP-Sac.

Finally, as relief, plaintiff seeks money damages.  Plaintiff also seeks dismissal of "my petition" so that he can do treatment on the outside or a transfer to Coalinga State Hospital.  Plaintiff also states, "I clearly do not have a mental condition."

Plaintiff is informed that in this civil rights action, the court cannot order plaintiff's release from custody.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (if a plaintiff challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").  If plaintiff intends to challenge the validity of his

SVP commitment, he must proceed by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Mack v. Brown, 2016 WL 4208466, at *2 (E.D. Cal. Aug. 10, 2016).

  Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

  In accordance with the above, IT IS HEREBY ORDERED that:

  1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

  2. Plaintiff's complaint is dismissed.

  3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  November 13, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Dav2358.14

5

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DANIEL DAVIS, | No. 2: 23-cv-2358 KJN P |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| UKNOWN, | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

_____          Amended Complaint

DATED:

                                   _____
                                   Plaintiff