UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVIS,<br><br>            Plaintiff,<br><br>       v.<br><br>UNKNOWN, et al.,<br><br>            Defendants. | No.  2:23-cv-2358 DJC KJN P<br><br><br>ORDER |

Introduction

Plaintiff is a civil detainee, proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  On January 2, 2024, the court granted plaintiff thirty days to file an amended complaint.  (ECF No. 20.)  Thirty days passed and plaintiff did not file an amended complaint.  Accordingly, on February 8, 2024, the court recommended dismissal of this action (ECF No. 21.)

On February 7, 2024, plaintiff filed an amended complaint.  (ECF No. 22.)  The court was not aware of the amended complaint when the February 8, 2024 findings and recommendations were issued.  Good cause appearing, the February 8, 2024 findings and recommendations are vacated.  This court herein screens the amended complaint.

////

////

Screening Standard

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

////

////

Plaintiff's Claims in Amended Complaint

Named as defendants are Coalinga State Hospital ("CSH") Executive Officer Brandon Price, California Department of State Hospitals ("DSH") Director Stephanie Clendenin, California State Prison-Sacramento ("CSP-Sac") Warden Lynch and California Department of Corrections and Rehabilitation ("CDCR") Director Macomber. (ECF No. 22 at 1-2.) Plaintiff also names doe defendants 1-20, identified as officers, agents, employees and contractors of CSH who played direct and indirect roles in plaintiff's transfer from CSH to CSP-Sac. (Id. at 3.)

Plaintiff alleges that he is a civil detainee awaiting commitment proceedings pursuant to the Sexually Violent Predators Act ("SVPA"). (Id. at 1, 3.) On May 2, 2023, plaintiff transferred from CSH to CSP-Sac pursuant to California Welfare and Institutions Code § 7301. (Id. at 3.)

Plaintiff alleges that he now "languishes" in CSP-Sac where he is treated identically to all prisoners. (Id. at 3.) Plaintiff alleges that he is subject to the same rules and regulations as prisoners. (Id.) Plaintiff alleges that there was no due process prior to his transfer from CSH to CSP-Sac. (Id.) Plaintiff alleges that he is offered no mental health therapy at CSP-Sac. (Id.) Plaintiff alleges that he is not kept separate from prisoners at CSP-Sac. (Id. at 4.) Plaintiff alleges that he is forced to share a cell with a prisoner serving a life sentence. (Id.)

Plaintiff also alleges that the state engages in slavery by requiring plaintiff to work as a porter. (Id.)

Plaintiff alleges that defendant Price played a direct and indirect role in plaintiff's transfer from CSH to CSP-Sac. (Id. at 2.) Plaintiff alleges that defendant Clendenin, as Director of DSH, is ultimately responsible for the actions of all officers, agents, employees and contractors of DSH. (Id.) Plaintiff alleges that defendant Clendenin played a direct role in plaintiff's transfer from CSH to CSP-Sac. (Id.) Plaintiff alleges that defendant Warden Lynch played a direct and indirect role in plaintiff being accepted at CSP-Sac. (Id.) Plaintiff alleges that defendant Warden Lynch is responsible for the conditions of confinement plaintiff suffers at CSP-Sac. (Id.) Plaintiff alleges that defendant CDCR Director Macomber is ultimately responsible for the actions of all officers, agents, employees and contractors of CDCR. (Id.)

////

Plaintiff's amended complaint raises the following legal claims:  1) California Welfare and Institutions Code § 7301 is not applicable; 2) plaintiff was denied due process when transferred from CSH to CSP-Sac; 3) plaintiff's detention at CSP-Sac violates the Double Jeopardy Clause; 4) plaintiff's conditions of confinement at CSP-Sac are cruel and unusual in violation of the Eighth Amendment; 5) plaintiff's detention at CSP-Sac violates the Equal Protection Clause; and 6) the requirement that plaintiff work as a porter constitutes slavery in violation of the Thirteenth Amendment.  (Id. at 4-9.)

As relief plaintiff seeks money damages, his return to CSH and a finding that California Welfare and Institutions Code § 7301 is not applicable.  (Id. at 10.)

Discussion

*Double Jeopardy*

Plaintiff argues that his custody in prison violates the Double Jeopardy Clause because he completed serving his criminal sentence.  In Hydrick v. Hunter, 500 F.3d 978, 993-94 (9th Cir. 2012), vacated and remanded on other grounds by 556 U.S. 1256 (2009), the Ninth Circuit held that the SVPA is civil in nature and claims challenging the SVPA under the Double Jeopardy Clause are foreclosed.  Accordingly, plaintiff's double jeopardy claim is without merit.

The court will recommend dismissal of a double jeopardy claim raised in a second amended complaint.

*Equal Protection*

Plaintiff argues that his rights under the Equal Protection Clause are violated because he is not housed at CSH like other SVPA detainees.

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim may be established by demonstrating that the defendant intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

SVPA detainees are not a protected class for purposes of equal protection.  See Dixon v. California Department of State Hospitals, 2018 WL 558668, at *5 (E.D. Cal. Jan. 25, 2018)

(citing Allen v. Mayberg, 2010 WL 500467 *4 (E.D. Cal. 2010) (citing Harper v. Va. State Bd. of Elections, 383 U.S. 663, 670 (1966) and Police Dep't of Chicago v. Mosley, 408 U.S. 92 (1972)); United States v. LeMay, 260 F.3d 1018, 1030 (9th Cir. 2001) ("Sex offenders are not a suspect class."); see also Johannes v. County of Los Angeles, 2011 WL 6149253, at *26-27 (C.D. Cal. Apr. 8, 2011) ("Plaintiff indisputably was not a member of a protected class when he was housed at the County Jail pursuant to the SVPA and therefore could not have been discriminated against on any such basis.").

If the action in question does not involve a protected class, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). To state a potentially colorable equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff argues that he is treated differently from other detainees awaiting SVPA commitment proceedings, who are housed in state hospitals, because he is housed at CSP-Sac. However, plaintiff fails to address whether there is no rational basis for the difference in this treatment. For this reason, plaintiff fails to state a potentially colorable equal protection claim. Accordingly, this claim is dismissed.

*Thirteenth Amendment*

Plaintiff claims that his assignment to a porter job is slavery in violation of the Thirteenth Amendment. In Eric Jerome Phillips v. Angie et al., 2024 WL 649232 (C.D. Cal. Jan. 25, 2024), the court rejected a claim brought by a pretrial detainee alleging that he was compelled to perform physical labor at Patton State Hospital in violation of the Thirteenth Amendment:

> The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. The Thirteenth Amendment does not protect prisoners who have been duly tried, convicted and sentenced for the commission of a crime. See Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963). The

> Ninth Circuit has not opined whether the Thirteenth Amendment protects pretrial detainees who have not yet been convicted of a crime; however, district courts in the Ninth Circuit generally hold that pretrial detainees are not protected by the Thirteenth Amendment. See, e.g., Mix v. Rosalez, 2016 U.S. Dist. LEXIS 65626, at *5 (E.D. Cal. May 18, 2016) ("The law is clear that prisoners may be required to work and that any compensation for their labor exists by grace of the state. The Court was unable to find any case authority to justify a digression from this well-established law when the case involves a detainee rather than a prisoner." (citations omitted)); Williams v. Coleman, 2012 U.S. Dist. LEXIS 127671, at *9 (E.D. Cal. Sept. 7, 2012) (same); Zimmerman v. Pima Cnty. Sheriff's Dep't, 2018 U.S. Dist. LEXIS 72097, at *19 (D. Ariz. Apr. 26, 2018) ("[T]he Thirteenth Amendment does not prohibit involuntary servitude as part of detainee's detention."); Smith v. Penzone, 2018 U.S. Dist. LEXIS 135075, at *12 (D. Ariz. Aug. 10, 2018) (same); Hopper v. Clark, 2007 U.S. Dist. LEXIS 104917, at *13 (W.D. Wash. June 19, 2007) (same).

Phillips, 2024 WL 649232, at *2 (C.D. Cal. Jan. 25, 2024).

This court finds that the reasoning of the court in Phillips is equally applicable to plaintiff's Thirteenth Amendment claim. Accordingly, for the reasons stated in Phillips, plaintiff's Thirteenth Amendment claim is without merit.

The court will recommend dismissal of a Thirteenth Amendment claim raised in a second amended complaint.

*Claims Challenging Condition of Confinement*

Plaintiff alleges that the conditions of confinement at CSP-Sac violate the Eighth Amendment. As discussed herein, plaintiff's conditions of confinement claim is analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment.

"Under the Due Process Clause of the Fourteenth Amendment, 'an individual detained under civil process … cannot be subjected to conditions that 'amount to punishment.'" Kings v. County of Los Angeles, 885 F.3d 548, 555-57 (9th Cir. 2018) (quoting Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004.)). "Individuals who are civilly detained pending commitment proceedings under the SVPA are 'entitled to protections at least as great as those afforded to a civilly committed individual[.]'" Id. (quoting Jones, 393 F.3d at 932).

"Jones established two presumptions: First, conditions of confinement are presumptively punitive if they are 'identical to, similar to, or more restrictive than, those in which [a civil pre-

trial detainee's] criminal counterparts are held.'" Id. (quoting Jones 393 F.3d at 932.); see also Youngberg v. Romeo, 457 U.S. 307, 321–22 (1982) (requiring civil detainees be given "more considerate treatment" than criminal detainees). "Second, conditions of confinement are presumptively punitive if 'an individual awaiting SVPA adjudication is detained under conditions more restrictive than those the individual would face following SVPA commitment.'" Id. (quoting Jones, 393 F.3d at 933). "If either presumption applies, the burden shifts to the defendant to show (1) 'legitimate, non-punitive interests justifying the conditions of [the detainee's] confinement' and (2) 'that the restrictions imposed ... [are] not "excessive" in relation to these interests.'" Id. (quoting Jones, 393 F.3d at 935).

In the instant case, plaintiff alleges that he is being held under the same conditions as convicted prisoners. Accordingly, this court finds that plaintiff may state a potentially colorable Fourteenth Amendment claim. However, for the reasons stated herein, this court finds that plaintiff fails to adequately link any defendant to this Fourteenth Amendment claim.

Plaintiff alleges that defendant CSP-Sac Warden Lynch is responsible for the actions of all employees at CSP-Sac. These allegations do not adequately link defendant Lynch to plaintiff's Fourteenth Amendment claim because defendant Lynch is not liable for the actions of his employees under the theory of respondeat superior. See Fayle, 607 F.2d at 862.

Plaintiff alleges that defendant Lynch is directly responsible for plaintiff's conditions of confinement at CSP-Sac. This claim is vague and conclusory. Plaintiff does not allege how defendant Lynch is directly responsible for plaintiff's conditions of confinement at CSP-Sac. Plaintiff pleads no facts demonstrating that defendant Lynch is aware of plaintiff's conditions of confinement at CSP-Sac. Accordingly, this court find that plaintiff fails to plead sufficient facts linking defendant Lynch to the alleged deprivations.

Plaintiff alleges that defendant CDCR Director Macomber is responsible for all actions of officers, agents, employees and contractors of CDCR. Plaintiff is basing the liability of defendant Macomber on the improper theory of respondeat superior. See Fayle, 607 F.2d at 862. Accordingly, plaintiff does not adequately link defendant Macomber to his Fourteenth Amendment claim.

Plaintiff also alleges that he is denied mental health treatment at CSP-Sac. These allegations may state a potentially colorable Fourteenth Amendment claim. Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir. 2000) (citing Ohlinger v. Watson, 652 F.2d 775, 778 (9th Cir. 1980)) ("[T]he Fourteenth Amendment Due Process Clause requires states to provide civilly-committed persons with access to mental health treatment that gives them a realistic opportunity to be cured and release."). However, as with his other Fourteenth Amendment claim, plaintiff fails to adequately link any defendant with this claim. If plaintiff includes this claim in a second amended complaint, plaintiff shall also address how long his SVPA commitment proceedings have been pending.

For the reasons discussed above, plaintiff's Fourteenth Amendment claims are dismissed.

*Procedural Due Process/Section 7301*

Plaintiff alleges that he was transferred from CSH to CSP-Sac pursuant to California Welfare and Institutions Code § 7301. Section 7301 provides, in relevant part,

> Whenever, in the opinion of the Director of State Hospitals and with the approval of the Secretary of the Department of Corrections and Rehabilitation, any person who has been committed to a state hospital pursuant to provisions of the Penal Code or who has been placed in a state hospital temporarily for observation pursuant to, or who has been committed to a state hospital pursuant to Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of this code needs care and treatment under conditions of custodial security which can be better provided within the Department of Corrections and Rehabilitation, the person may be transferred for those purposes from an institution under the jurisdiction of the State Department of State Hospitals to an institution under the jurisdiction of the Department of Corrections and Rehabilitation.

Plaintiff argues that the transfer procedures discussed in § 7301 apply to persons committed to state hospitals pursuant to provisions of the Penal Code or who were in state hospitals as mentally disordered offenders under repealed California Welfare and Institution Code § 6300. Plaintiff argues that § 7301 does not apply to SVPA detainees.

Plaintiff also alleges that he was transferred from CSH to CSP-Sac without any procedural protections, including notice, a hearing, etc. Section 7301, set forth above, does not appear to provide for any procedural protections. Thus, plaintiff appears to claim that he was transferred to CSH pursuant to a statute that did not apply to SVPA detainees and that provided no procedural

8

protections. Accordingly, this court construes plaintiff's claim challenging the alleged use of § 7301 to authorize his transfer from CSH to CSP-Sac as part of plaintiff's procedural due process claim.

Civilly committed detainees have a liberty interest in not being punished without due process. Williams v. Santiago, 2016 WL 6494268, at *3 (E.D. Cal. Nov. 1, 2016) (citing Rhoden v. Carona, 2010 WL 4449711, at *21 (C.D Cal. Aug. 24, 2010) (citing Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) (requiring pretrial detainees be afforded a hearing prior to being subjected to disciplinary action)). As discussed above, plaintiff alleges that his conditions of confinement at CSP-Sac amount to punishment because he is subject to the same conditions as convicted prisoners.

This court finds that plaintiff states a potentially colorable procedural due process claim against defendant Clendenin based on the alleged lack of procedural protections prior to plaintiff's transfer from CSH to CSP-Sac. See Drake v. Clendenin, 2023 WL 4534506, at *9-10 (E.D. Cal. July 13, 2023) (ordering service of claim by detainee alleging lack of due process prior to transfer from state hospital to prison). Plaintiff alleges that defendant DSH Director Clendenin played a direct role in plaintiff's transfer from CSH to CSP-Sac. In addition, section 7301 states that the DSH Director authorizes transfers pursuant to this section. Having found this claim potentially colorable, this court makes no finding regarding what process plaintiff may have been due prior to his transfer.

For the reasons stated herein, this court finds that plaintiff fails to adequately link any other defendant to his procedural due process claim.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

liability to attach where ... causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff alleges that defendant CSH Executive Officer Price and defendant does 1-20 played direct and indirect roles in plaintiff's transfer from CSH to CSP-Sac. Plaintiff does not specifically describe how defendant Price and defendant does 1-20 participated in plaintiff's transfer from CSH to CSP-Sac. Plaintiff does not specifically describe how the actions or inactions of these defendants caused the alleged procedural due process violations. Accordingly, this court finds that plaintiff failed to adequately link defendant Price and defendant does 1-20 to his procedural due process claim.

Conclusion

For the reasons discussed above, all claims in the amended complaint, but for the procedural due process claim against defendant Clendenin, are dismissed. Plaintiff is granted thirty days to file a second amended complaint. If plaintiff elects to proceed forthwith against

defendant Clendenin, against whom he has stated a potentially colorable procedural due process claim, he shall return the attached notice within thirty days. Following receipt of that notice, the court will order service of defendant Clendenin.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Therefore, in a second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 8, 2024 are vacated; and

2. All claims in the amended complaint, but for the procedural due process claim against defendant Clendenin, are dismissed. Within thirty days of service of this order, plaintiff may file a second amended complaint to attempt to cure the pleading defects discussed above. Plaintiff is not obliged to file a second amended complaint.

3. The allegations in the amended complaint are sufficient to state a potentially colorable procedural due process claim against defendant Clendenin. See 28 U.S.C. § 1915A. If plaintiff opts to proceed on his amended complaint as to this potentially colorable claim, he shall return the attached notice within thirty days of service of this order.

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 7, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

Davis2358.ame

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIEL DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>UNKNOWN, et al.,<br><br>    Defendants. | No. 2:23-cv-2358 DJC KJN P<br><br><br><br>NOTICE |

\_\_\_\_\_ Plaintiff opts to proceed with the amended complaint as to the procedural due process claim against defendant Clendenin.
Plaintiff consents to the dismissal of the remaining claims in the amended complaint. _____

    OR

\_\_\_\_\_ Plaintiff opts to file a second amended complaint and delay service of process.

DATED:

                                                                _____
                                                                 Plaintiff