1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11    DANIEL DAVIS,                              No.  2:23-cv-2358 DJC CSK P

12                    Plaintiff,

13           v.                                  FINDINGS AND RECOMMENDATIONS

14    UNKNOWN, et al.,

15                    Defendants.

16
17
18    **I. INTRODUCTION**

19           Plaintiff is a civil detainee, proceeding without counsel, with a civil rights action pursuant

20    to 42 U.S.C. § 1983.  On March 8, 2024, the Court dismissed all claims in the first amended

21    complaint but for the procedural due process claim against defendant Clendenin.  (ECF No. 25.)

22    The Court granted plaintiff thirty days to file a second amended complaint or inform the Court of

23    plaintiff's intent to proceed on the potentially colorable claim against defendant Clendenin raised

24    in the first amended complaint.  (Id.)  In response to the March 8, 2024 order, plaintiff filed a

25    second amended complaint.  (ECF No. 29.)  In the instant order, this Court screens the second

26    amended complaint.

27    ///

28

**II. SCREENING STANDARDS**

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

**III. PLAINTIFF'S CLAIMS IN HIS SECOND AMENDED COMPLAINT**

Named as defendants are Coalinga State Hospital ("CSH") Executive Officer Brandon Price, California Department of State Hospitals ("DSH") Director Stephanie Clendenin,

1    California State Prison-Sacramento ("CSP-Sac") Warden Lynch, California Department of

2    Corrections and Rehabilitation ("CDCR") Director Macomber, Dr. Torres and does 1-20.  (ECF

3    No. 29 at 1.)

4        Plaintiff alleges that he is a civil detainee awaiting commitment proceedings pursuant to

5    the Sexually Violent Predators Act ("SVPA").  (Id. at 1.)  On or around May 2, 2023, plaintiff

6    transferred from CSH to CSP-Sac pursuant to California Welfare and Institutions Code § 7301.

7    (Id. at 8.)  Plaintiff was transferred to CSP-Sac without notice or a hearing.  (Id.)

8        Plaintiff alleges that defendant Price recommended plaintiff's transfer from CSH to

9    CDCR custody to defendant Clendenin.  (Id.)  Defendant Clendenin approved the

10   recommendation for plaintiff's transfer to CDCR custody and transmitted this request to

11   defendant Macomber.  (Id. at 8-9.)  Defendant Macomber approved defendant Clendenin's

12   request for plaintiff to transfer to CDCR custody.  (Id. at 9.)  Defendant Lynch accepted plaintiff

13   at CSP-Sac.  (Id.)  Plaintiff alleges that each defendant knew, or should have known, that plaintiff

14   was a civil detainee and not a prisoner serving a criminal sentence or facing criminal charges.

15   (Id.)  Plaintiff alleges that defendants Price, Clendenin and Macomber knew that plaintiff was not

16   offered any notice or a hearing prior to plaintiff's transfer to CSP-Sac.  (Id.)

17       Plaintiff alleges that he now "languishes" at CSP-Sac where he is treated identically to all

18   other prisoners.  (Id.)  Plaintiff is not segregated from prisoners.  (Id.)  Plaintiff is offered no

19   mental health therapy.  (Id.)  Plaintiff claims that CSP-Sac is one of the most dangerous and

20   violent prisons in CDCR.  (Id. at 10.)  In the past twelve months, three prisoners were murdered

21   at CSP-Sac.  (Id.)  Plaintiff is forced to share a cell with a prisoner serving a criminal sentence.

22   (Id.)

23       Plaintiff alleges that the State is engaging in slavery.  (Id.)  Plaintiff was recently assigned

24   as a porter cleaning the housing unit.  (Id.)  Plaintiff alleges that he should be paid for his labor.

25   (Id.)  Plaintiff alleges that were he housed at CSH, he would be paid the federal minimum wage

26   of $7.25 per hour for his labor.  (Id. at 10-11.)  Defendant Torres played a direct role in plaintiff

27   being assigned as a porter.  (Id. at 11.)

28   ///

1      Plaintiff's second amended complaint raises the following legal claims:  (1) California

2  Welfare and Institutions Code § 7301 is a bill of attainder; (2) California Welfare and Institutions

3  Code § 7301 is not applicable; (3) violation of procedural due process; (4) violation of double

4  jeopardy; (5) violation of the Eighth Amendment; (6) violation of right to equal protection; and

5  (7) violation of the prohibition against slavery.  (Id. at 11-35.)  As relief, plaintiff seeks money

6  damages, declaratory relief and an order for his release from custody and return to CSH.  (Id. at

7  35-36.)

8  **IV. DISCUSSION**

9      **A. Double Jeopardy**

10      Plaintiff argues that his custody in prison violates the Double Jeopardy Clause because he

11  completed serving his criminal sentence.  (Id. at 20-22.)  In Hydrick v. Hunter, 500 F.3d 978,

12  993-94 (9th Cir. 2012), vacated and remanded on other grounds by 556 U.S. 1256 (2009), the

13  Ninth Circuit held that the SVPA is civil in nature and claims challenging the SVPA under the

14  Double Jeopardy Clause are foreclosed.  For this reason, plaintiff's claim challenging his custody

15  in state prison pursuant to the SVPA as a violation of the Double Jeopardy Clause is without

16  merit and should be dismissed.

17      **B.  Equal Protection**

18      Plaintiff argues that his rights under the Equal Protection Clause are violated because he is

19  not housed at CSH like all other SVPA detainees.  (ECF No. 29 at 23-30.)

20      An equal protection claim may be established by demonstrating that the defendant

21  intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a

22  protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  SVPA

23  detainees are not a protected class for purposes of equal protection.  See Dixon v. California

24  Department of State Hospitals, 2018 WL 558668, at *5 (E.D. Cal. Jan. 25, 2018) (citing Allen v.

25  Mayberg, 2010 WL 500467 *4 (E.D. Cal. Feb. 8, 2010)); see also United States v. LeMay, 260

26  F.3d 1018, 1030 (9th Cir. 2001) ("Sex offenders are not a suspect class."); Johannes v. County of

27  Los Angeles, 2011 WL 6149253, at *27 (C.D. Cal. Apr. 8, 2011) ("Plaintiff indisputably was not

28  a member of a protected class when he was housed at the County Jail pursuant to the SVPA and

therefore could not have been discriminated against on any such basis.").

If the action in question does not involve a protected class, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  To state a potentially colorable equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment.  Village of Willowbrook, 528 U.S. at 564.

Plaintiff argues that he is treated differently from other detainees awaiting SVPA commitment proceedings, who are housed in state hospitals, because he is housed at CSP-Sac. However, as he did in the amended complaint, the second amended complaint fails to address whether there is no rational basis for the difference in this treatment.  For this reason, plaintiff fails to state a potentially colorable equal protection claim.  Accordingly, this claim should be dismissed.

### C.  Thirteenth Amendment

Plaintiff claims that his assignment to a porter job is slavery in violation of the Thirteenth Amendment.  (ECF No. 29 at 30-31.)  In Eric Jerome Phillips v. Angie et al., 2024 WL 649232 (C.D. Cal. Jan. 25, 2024), the court rejected a similar claim brought by a pretrial detainee alleging that he was compelled to perform physical labor at Patton State Hospital in violation of the Thirteenth Amendment:

> The Thirteenth Amendment provides: "Neither slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1. The Thirteenth Amendment does not protect prisoners who have been duly tried, convicted and sentenced for the commission of a crime. See Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963). The Ninth Circuit has not opined whether the Thirteenth Amendment protects pretrial detainees who have not yet been convicted of a crime; however, district courts in the Ninth Circuit generally hold that pretrial detainees are not protected by the Thirteenth Amendment. See, e.g., Mix v. Rosalez, 2016 U.S. Dist. LEXIS 65626, at *5 (E.D. Cal. May 18, 2016) ("The law is clear that

1   prisoners may be required to work and that any compensation for
2   their labor exists by grace of the state. The Court was unable to find
    any case authority to justify a digression from this well-established
3   law when the case involves a detainee rather than a prisoner."
    (citations omitted)); Williams v. Coleman, 2012 U.S. Dist. LEXIS
4   127671, at *9 (E.D. Cal. Sept. 7, 2012) (same); Zimmerman v. Pima
    Cnty. Sheriff's Dep't, 2018 U.S. Dist. LEXIS 72097, at *19 (D. Ariz.
5   Apr. 26, 2018) ("[T]he Thirteenth Amendment does not prohibit
    involuntary servitude as part of detainee's detention."); Smith v.
6   Penzone, 2018 U.S. Dist. LEXIS 135075, at *12 (D. Ariz. Aug. 10,
    2018) (same); Hopper v. Clark, 2007 U.S. Dist. LEXIS 104917, at
7   *13 (W.D. Wash. June 19, 2007) (same).

8   Phillips, 2024 WL 649232, at *2.

9       This Court finds that the reasoning of the court in Phillips is equally applicable to

10  plaintiff's Thirteenth Amendment claim.  Accordingly, for the reasons stated in Phillips,

11  plaintiff's Thirteenth Amendment claim is without merit and should be dismissed.

12      **D.  Conditions of Confinement**

13      Plaintiff claims that his conditions of confinement at CSP-Sac violate the Eighth

14  Amendment.  (ECF No. 29 at 22-23.)  As the Court advised plaintiff in the March 8, 2024 order,

15  plaintiff's conditions of confinement claim is analyzed under the Due Process Clause of the

16  Fourteenth Amendment rather than the Eighth Amendment.

17      "Under the Due Process Clause of the Fourteenth Amendment, 'an individual detained

18  under civil process … cannot be subjected to conditions that 'amount to punishment.'"  Kings v.

19  County of Los Angeles, 885 F.3d 548, 556-57 (9th Cir. 2018) (quoting Jones v. Blanas, 393 F.3d

20  918, 932 (9th Cir. 2004.)).  "[I]ndividuals who are civilly detained pending commitment

21  proceedings under the SVPA are 'entitled to protections at least as great as those afforded to a

22  civilly committed individual[.]'"  Id. at 557 (quoting Jones, 393 F.3d at 932).

23      "Jones established two presumptions: First, conditions of confinement are presumptively

24  punitive if they are 'identical to, similar to, or more restrictive than, those in which [a civil pre-

25  trial detainee's] criminal counterparts are held.'"  Id. (quoting Jones 393 F.3d at 932.); see also

26  Youngberg v. Romeo, 457 U.S. 307, 321–22 (1982) (requiring civil detainees be given "more

27  considerate treatment" than criminal detainees).  "Second, conditions of confinement are

28  presumptively punitive if 'an individual awaiting SVPA adjudication is detained under conditions

1   more restrictive than those the individual would face following SVPA commitment.'" <u>Kings</u>, 885

2   F.3d at 557 (quoting <u>Jones</u>, 393 F.3d at 933).  "If either presumption applies, the burden shifts to

3   the defendant to show (1) 'legitimate, non-punitive interests justifying the conditions of [the

4   detainee's] confinement' and (2) 'that the restrictions imposed ... [are] not "excessive" in relation

5   to these interests.'"  <u>Id.</u> (quoting <u>Jones</u>, 393 F.3d at 935).

6          In the instant case, plaintiff alleges that he is being held at CSP-Sac under the same

7   conditions as convicted prisoners.  (ECF No. 29 at 9.)  Plaintiff alleges that all defendants are

8   aware that plaintiff is a civil detainee who is being housed in state prison with convicted

9   prisoners.  (<u>Id.</u> at 7.)  Plaintiff alleges that defendant Price recommended plaintiff's transfer from

10  CSH to CDCR custody, knowing that plaintiff was not a convicted prisoner.  (<u>Id.</u> at 2.)  Plaintiff

11  alleges that defendant Clendenin accepted the recommendation of defendant Price to transfer

12  plaintiff from CSH to CDCR custody, knowing that plaintiff was not a convicted prisoner.  (<u>Id.</u> at

13  3.)  Plaintiff alleges that defendant Macomber accepted plaintiff's transfer of custody to CDCR,

14  knowing that plaintiff was not a convicted prisoner.  (<u>Id.</u> at 5.)  Plaintiff alleges that defendant

15  Lynch accepted plaintiff at CSP-Sac, knowing that plaintiff was not a convicted prisoner.  (<u>Id.</u> at

16  4.)  Plaintiff alleges that defendant Torres is responsible for plaintiff's housing conditions at CSP-

17  Sac and for recommending plaintiff's return to CSH.  (<u>Id.</u> at 6.)  Plaintiff alleges that defendant

18  Torres knows that plaintiff is not a convicted prisoner.  (<u>Id.</u>)  Based on these allegations, this

19  Court finds that plaintiff states a potentially colorable claim for violation of plaintiff's right to

20  substantive due process under the Fourteenth Amendment against defendants Price, Clendenin,

21  Macomber, Lynch and Torres.

22          **E.  Bill of Attainder**

23          Plaintiff claims that he was transferred from CSH to CSP-Sac pursuant to California

24  Welfare and Institutions Code § 7301.  Section 7301 provides as follows:

25                  Whenever, in the opinion of the Director of State Hospitals and with
                    the approval of the Secretary of the Department of Corrections and
26                  Rehabilitation, any person who has been committed to a state
                    hospital pursuant to provisions of the Penal Code or who has been
27                  placed in a state hospital temporarily for observation pursuant to, or
                    who has been committed to a state hospital pursuant to Article 1
28                  (commencing with Section 6300) of Chapter 2 of Part 2 of Division

                                            7

6 of this code needs care and treatment under conditions of custodial security which can be better provided within the Department of Corrections and Rehabilitation, the person may be transferred for those purposes from an institution under the jurisdiction of the State Department of State Hospitals to an institution under the jurisdiction of the Department of Corrections and Rehabilitation.

Persons so transferred shall not be subject to the provisions of Section 4500, 4501, 4501.5, 4502, 4530, or 4531 of the Penal Code. However, they shall be subject to the general rules of the Secretary of the Department of Corrections and Rehabilitation and of the facility where they are confined and any correctional employee dealing with those persons during the course of an escape or attempted escape, a fight or a riot, shall have the same rights, privileges and immunities as if the person transferred had been committed to the Secretary of the Department of Corrections and Rehabilitation.

Whenever a person is transferred to an institution under the jurisdiction of the Department of Corrections and Rehabilitation pursuant to this section, any report, opinion, or certificate required or authorized to be filed with the court which committed the person to a state hospital, or ordered the person placed therein, shall be prepared and filed with the court by the head of the institution in which the person is actually confined or by the designee of the head of the institution.

Cal. Welfare and Institutions Code § 7301.

Plaintiff argues that California Welfare and Institutions Code § 7301 is an unconstitutional Bill of Attainder. The Constitution instructs Congress that, "No Bill of Attainder ... shall be passed." U.S. Const. art. I, § 9, cl. 3. "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 668 (9th Cir. 2002) (quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468, (1977)). The Bill of Attainder Clause implements the doctrine of separation of powers. Id. (citing Nixon, 433 U.S. at 469). "Just as Article III confines the Judiciary to the task of adjudicating concrete 'cases or controversies,' so too the Bill of Attainder Clause was found to 'reflect ... the Framers' belief that the Legislative Branch is not so well suited as politically independent judges and juries to the task of ruling upon the blameworthiness of, and levying appropriate punishment upon, specific persons.'" Nixon, 422 U.S. at 469 (quoting United States v. Brown, 381 U.S. 437, 445 (1965)). "Three key features brand a statute a bill of attainder: that the statute (1) specifies the affected

8

persons, and (2) inflicts punishment (3) without a judicial trial." <u>Mineta</u>, 309 F.3d at 668 (footnote omitted) (citing <u>Selective Serv. Sys. v. Minnesota Pub. Interest Research Group</u>, 468 U.S. 841, 847 (1984)).

In the second amended complaint, plaintiff alleges that defendant Price recommended plaintiff's transfer from CSH to CSP-Sac.  (ECF No. 29 at 9.)  Plaintiff alleges that defendant Clendenin approved defendant Price's recommendation for plaintiff's transfer.  (<u>Id.</u> at 9-10.) Plaintiff alleges that he was transferred from CSH to CSP-Sac pursuant to California Welfare and Institutions Code § 7301.  (<u>Id.</u> at 12, 14.)  This Court finds that plaintiff's claim alleging that California Welfare and Institutions Code § 7301 violates the Constitution's prohibition of bills of attainder when plaintiff (a civil detainee) was sent from CSH to CSP-Sac states a potentially colorable claim for relief against defendants Price and Clendenin.  <u>See Drake v. Clendenin</u>, 2023 WL 4534506, at *11 (E.D. Cal. Jul. 13, 2023) (finding potentially colorable claim by civil detainee alleging that California Welfare and Institutions Code § 7301 violates the Constitution's prohibition of bills of attainder because it allows civil detainees to be sent to prison from a civil hospital institution without trial), findings and recommendations adopted, 2023 WL 7026739 (E.D. Cal. Oct. 25, 2023).

While plaintiff alleges that defendant Macomber approved CDCR's acceptance of plaintiff's custody and defendant Lynch accepted plaintiff into the custody of CSP-Sac, plaintiff does not allege that defendant Macomber or defendant Lynch participated in the decision to transfer plaintiff from CSH to CSP-Sac pursuant to California Welfare and Institutions Code § 7301.  For this reason, plaintiff does not state a potentially colorable claim based on the violation of the Constitution's prohibition of bills of attainder against defendants Macomber and Lynch.  Accordingly, this claim against defendants Macomber and Lynch should be dismissed.

### F.  Applicability of Section 7301/ Procedural Due Process

Plaintiff claims he was transferred from CSH to CSP-Sac pursuant to California Welfare and Institutions Code § 7301.  (ECF No. 29 at 14.)  Plaintiff claims that the transfer procedures discussed in California Welfare and Institutions Code § 7301 apply to persons committed to state hospitals pursuant to provisions of the Penal Code or who were in state hospitals as mentally

1   disordered offenders under repealed California Welfare and Institutions Code § 6300.  (Id. at 14-

2   15.)  Plaintiff claims that California Welfare and Institutions Code § 7301 does not apply to

3   SVPA detainees.  (Id.)  In a separate claim, plaintiff argues that he was denied procedural due

4   process during his transfer from CSH to CSP-Sac.  (Id. at 18-19.)  Plaintiff alleges that prior to his

5   transfer to CSP-Sac, he did not receive notice or a hearing.  (Id. at 19.)

6           Plaintiff appears to claim that he was transferred from CSH to CSP-Sac pursuant to a

7   statute that did not apply to SVPA detainees and that provided no procedural protections.

8   Accordingly, this Court construes plaintiff's claim challenging the alleged use of § 7301 to

9   authorize his transfer from CSH to CSP-Sac as part of plaintiff's procedural due process claim.

10          Civilly committed detainees have a liberty interest in not being punished without due

11  process.  Williams v. Santiago, 2016 WL 6494268, at *3 (E.D. Cal. Nov. 1, 2016) (citing Rhoden

12  v. Carona, 2010 WL 4449711, at *21 (C.D Cal. Aug. 24, 2010)).  As discussed above, plaintiff

13  alleges that his conditions of confinement at CSP-Sac amount to punishment because he is subject

14  to the same conditions as convicted prisoners.

15          In the second amended complaint, plaintiff alleges that defendant Price recommended

16  plaintiff's transfer from CSH to CDCR custody.  (ECF No. 29 at 9.)  Plaintiff alleges that

17  defendant Clendenin approved defendant Price's recommendation for plaintiff's transfer.  (Id. at

18  9-10.)  This Court finds that plaintiff states a potentially colorable procedural due process claim

19  against defendants Price and Clendenin based on the alleged lack of procedural protections prior

20  to plaintiff's transfer from CSH to CSP-Sac.  See Drake, 2023 WL 4534506, at *9-10 (ordering

21  service of claim by detainee alleging lack of due process prior to transfer from state hospital to

22  prison).

23          While plaintiff alleges that defendant Macomber approved CDCR's acceptance of

24  plaintiff's custody and that defendant Lynch accepted plaintiff into the custody of CSP-Sac,

25  plaintiff does not allege that defendants Macomber or Lynch participated in the alleged denial of

26  procedural due process plaintiff received at CSH prior to his transfer to CSP-Sac.  For this reason,

27  plaintiff does not state a potentially colorable procedural due process claim against defendants

28  Macomber and Lynch.  Accordingly, this claim against defendants Macomber and Lynch should

10

1  be dismissed.

2  **G.  Doe Defendants**

3  Plaintiff identifies doe defendants 1-10 as officers, agent, employees and contractors of

4  CSH.  (ECF No. 29 at 7.)  Plaintiff alleges that doe defendants 1-10 played a role in plaintiff's

5  transfer to CSP-Sac.  (Id.)  Plaintiff identifies doe defendants 11-20 as officers, agents, employees

6  and contractors of CDCR and/or CSP-Sac.  (Id.)  Plaintiff alleges that doe defendants 11-20

7  played a role in plaintiff's custody at CSP-Sac.  (Id.)  Plaintiff alleges that doe defendants 11-20

8  played a role in plaintiff being assigned a job as a porter.  (Id.)

9  Plaintiff appears to link doe defendants 11-20 to plaintiff's Thirteenth Amendment claim.

10  As discussed above, plaintiff's second amended complaint does not state a potentially colorable

11  claim pursuant to the Thirteenth Amendment.  Accordingly, plaintiff's claim alleging that doe

12  defendants 11-20 violated the Thirteenth Amendment by playing a role in plaintiff's assignment

13  to the porter job should be dismissed.

14  Plaintiff generally alleges that doe defendants 1-10 played a role in plaintiff's transfer to

15  CSP-Sac.  Plaintiff does not specifically describe the actions or omissions taken by doe

16  defendants 1-10 in plaintiff's transfer to CSP-Sac.  Plaintiff generally alleges that doe defendants

17  11-20 played a role in plaintiff's custody at CSP-Sac.  Plaintiff does not specifically describe the

18  actions or omissions taken by doe defendants 11-20 regarding plaintiff's custody at CSP-Sac.

19  The Civil Rights Act under which this action was filed provides as follows:

20
21
22
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

23  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

24  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

25  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

26  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

27  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

28  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

11

to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

Plaintiff's allegations concerning the involvement of doe defendants 1-10 in plaintiff's transfer to CSP-Sac and the involvement of defendants 11-20 in plaintiff's custody at CSP-Sac are vague and conclusory.  For this reason, this Court finds that plaintiff does not state potentially colorable claims against these defendants.  Accordingly, this Court recommends that these claims against doe defendants 1-20 be dismissed.

**H.  Conclusion**

The Court previously granted plaintiff two opportunities to amend his complaint.  (ECF Nos. 14, 25.)  Because it is clear that plaintiff cannot cure the pleading defects discussed above, this Court recommends dismissal of all claims in the second amended complaint that do not state potentially colorable claims for relief.  See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202-04 (9th Cir. 1998) (per curiam)).  Accordingly, this Court recommends dismissal of all claims raised in the second amended complaint but for the

12

1   following claims found potentially colorable: (1) alleged violation of plaintiff's Fourteenth

2   Amendment right to substantive due process based on the conditions at CSP-Sac against

3   defendants Price, Clendenin, Macomber, Lynch and Torres; (2) California Welfare and

4   Institutions Code § 7301 violates the Constitution's prohibition of bills of attainder against

5   defendants Price and Clendenin; and (3) alleged violation of plaintiff's Fourteenth Amendment

6   right to procedural due process against defendants Price and Clendenin based on the alleged lack

7   of procedural protections prior to plaintiff's transfer from CSH to CSP-Sac.  This Court will order

8   service of these potentially colorable claims following the district court's adoption of these

9   findings and recommendations.

10          Accordingly, IT IS HEREBY RECOMMENDED that all claims in the second amended

11   complaint be dismissed but for the following claims: (1) alleged violation of plaintiff's Fourteenth

12   Amendment right to substantive due process based on the conditions at CSP-Sac against

13   defendants Price, Clendenin, Macomber, Lynch and Torres; (2) California Welfare and

14   Institutions Code § 7301 violates the Constitution's prohibition of bills of attainder against

15   defendants Price and Clendenin; and (3) alleged violation of plaintiff's Fourteenth Amendment

16   right to procedural due process against defendants Price and Clendenin based on the alleged lack

17   of procedural protections prior to plaintiff's transfer from CSH to CSP-Sac.

18          These findings and recommendations are submitted to the United States District Judge

19   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

20   after being served with these findings and recommendations, plaintiff may file written objections

21   with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

23   failure to file objections within the specified time may waive the right to appeal the District

24   Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25

26   Dated:  September 12, 2024

27

28   Davis2358.fr - 2

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

13