UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVIS, | No. 2:23-cv-2358 DJC CSK P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNKNOWN, et al., | |
| Defendants. | |

**I.    INTRODUCTION**

Plaintiff is a civil detainee, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion for an "emergency temporary injunction" filed on April 18, 2025.  (ECF No. 35.)  For the following reasons, this Court recommends that plaintiff's motion for injunctive relief be denied.

**II.    LEGAL STANDARD FOR INJUNCTIVE RELIEF**

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans,

1

Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)); see also Ctr. for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). The party seeking the injunction bears the burden of proving these elements. See Klein v. City of San Clemente, 584 F.3d 1196, 1201 (9th Cir. 2009); see also Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.") (citation omitted) (emphasis in original). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Baldridge, 844 F.2d at 674 (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

### III.   BACKGROUND

Plaintiff filed a second amended complaint on May 1, 2024. (ECF No. 29.) At the time plaintiff filed the second amended complaint, plaintiff was housed at California State Prison-Sacramento ("CSP-Sac"). (Id.) Named as defendants in the second amended complaint are Coalinga State Hospital ("CSH") Executive Officer Brandon Price, California Department of State Hospitals ("DSH") Director Stephania Clendenin, CSP-Sac Warden Lynch, California Department of Corrections and Rehabilitation ("CDCR") Director Macomber, Dr. Torres and does 1-20. (Id. at 1.)

In the second amended complaint, plaintiff alleges that he is a civil detainee awaiting commitment proceedings pursuant to the Sexually Violent Predators Act ("SVPA"). (Id.) On or around May 2, 2023, plaintiff transferred from CSH to CSP-Sac pursuant to California Welfare and Institutions Code § 7301. (Id. at 8.) Plaintiff was transferred to CSP-Sac without notice or a hearing. (Id.)

1    In the second amended complaint, plaintiff alleges that defendant Price recommended
2    plaintiff's transfer from CSH to CDCR custody to defendant Clendenin. (Id.) Defendant
3    Clendenin approved the recommendation for plaintiff's transfer to CDCR custody and transmitted
4    this request to defendant Macomber. (Id. at 8-9.) Defendant Macomber approved defendant
5    Clendenin's request for plaintiff to transfer to CDCR custody. (Id. at 9.) Defendant Lynch
6    accepted plaintiff at CSP-Sac. (Id.) Plaintiff alleges that each defendant knew, or should have
7    known, that plaintiff was a civil detainee and not a prisoner serving a criminal sentence or facing
8    criminal charges. (Id.) Plaintiff alleges that defendants Price, Clendenin and Macomber knew
9    that plaintiff was not offered any notice or a hearing prior to plaintiff's transfer to CSP-Sac. (Id.)

10   In the second amended complaint, plaintiff alleges that he now "languishes" at CSP-Sac
11   where he is treated identically to all other prisoners. (Id.) Plaintiff is not segregated from
12   prisoners. (Id.) Plaintiff is offered no mental health therapy. (Id.) Plaintiff claims that CSP-Sac
13   is one of the most dangerous and violent prisons in CDCR. (Id. at 10.) In the past twelve
14   months, three prisoners were murdered at CSP-Sac. (Id.) Plaintiff is forced to share a cell with a
15   prisoner serving a criminal sentence. (Id.)

16   In the second amended complaint, plaintiff alleges that the State is engaging in slavery
17   because plaintiff was recently assigned a porter job cleaning the housing unit. (Id.) Defendant
18   Torres played a role in plaintiff being assigned as a porter. (Id. at 11.)

19   Plaintiff's second amended complaint raises the following legal claims: (1) California
20   Welfare and Institutions Code § 7301 is a bill of attainder; (2) California Welfare and Institutions
21   Code § 7301 is not applicable; (3) violation of procedural due process; (4) violation of double
22   jeopardy; (5) violation of the Eighth Amendment; (6) violation of right to equal protection; and
23   (7) violation of the Thirteenth Amendment prohibition against slavery. (Id. at 11-35.) As relief,
24   plaintiff seeks money damages, declaratory relief and an order for his release from custody and
25   return to CSH. (Id. at 35-36.)

26   On September 13, 2024, this Court issued findings and recommendations screening the
27   second amended complaint. (ECF No. 30.) In these findings and recommendations, this Court
28   found that plaintiff's second amended complaint stated the following potentially colorable claims

1 for relief: (1) alleged violation of plaintiff's Fourteenth Amendment right to substantive due
2 process based on the conditions at CSP-Sac against defendants Price, Clendenin, Macomber,
3 Lynch and Torres; (2) California Welfare and Institutions Code § 7301 violates the Constitution's
4 prohibition of bills of attainder against defendants Price and Clendenin; and (3) alleged violation
5 of plaintiff's Fourteenth Amendment right to procedural due process against defendants Price and
6 Clendenin based on the alleged lack of procedural protections prior to plaintiff's transfer from
7 CSH to CSP-Sac. (Id. at 13.)  This Court recommended dismissal of the remaining claims raised
8 in the second amended complaint. (Id.)  This Court ordered that it would direct service of the
9 potentially colorable claims following the district court's adoption of the findings and
10 recommendations. (Id.)  This Court granted plaintiff's request for an extension to file objections,
11 which plaintiff filed on October 31, 2024. (ECF Nos. 32, 33.)  The September 13, 2024 findings
12 and recommendations are pending with the district court.
13   On January 2, 2025, plaintiff filed a notice of change of address indicating that he had
14 been transferred to CSH. (See ECF No. 34.)

**IV.   MOTION FOR INJUNCTIVE RELIEF**

16   In the pending motion, plaintiff states that he was transferred back to CSH. (ECF No. 35.)
17 However, plaintiff alleges that he "has been threatened with transfer back to [CDCR] custody…"
18 (Id.)  Plaintiff seeks injunctive relief enjoining defendants from transferring plaintiff back to
19 CDCR custody. (Id.)  Plaintiff alleges that if he returns to CDCR custody, he faces irreparable
20 damages and possibly death. (Id.)  Plaintiff alleges that the conditions of confinement under
21 CDCR "bear no resemblance" to the purpose for which plaintiff is currently held. (Id.)
22   As discussed above, to obtain injunctive relief, plaintiff must allege that he is likely to
23 suffer irreparable harm in the absence of injunctive relief. See Stormans, 586 F.3d at 127.  For
24 the following reasons, this Court finds that plaintiff has not demonstrated that irreparable harm is
25 likely.  In the pending motion, plaintiff claims that he was threatened with a transfer back to
26 CDCR custody.  However, plaintiff fails to allege any facts in support of this claim.  Plaintiff
27 does not identify who made the alleged threat to plaintiff and when.  Plaintiff also fails to
28 describe the circumstances under which the alleged threat made.  Plaintiff also fails to address

1  why he believes the alleged threat is credible.  Without this additional information, this Court
2  cannot determine whether the alleged irreparable harm, i.e., plaintiff's transfer from CSH to
3  CDCR custody, is likely.  Accordingly, this Court recommends that plaintiff's motion for
4  injunctive relief be denied without prejudice.  If plaintiff files a renewed motion for injunctive
5  relief, plaintiff shall address the circumstances of the alleged threat to transfer plaintiff back to
6  CDCR custody, as discussed in these findings and recommendations.  If plaintiff files a renewed
7  motion for injunctive relief, plaintiff shall also address whether he received notice of any
8  procedural protections regarding the alleged threat to transfer plaintiff from CSH back to CDCR
9  custody.
10          Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive
11  relief (ECF No. 35) be denied without prejudice.
12          These findings and recommendations are submitted to the United States District Judge
13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
14  after being served with these findings and recommendations, plaintiff may file written objections
15  with the court and serve a copy on all parties.  Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
17  failure to file objections within the specified time may waive the right to appeal the District
18  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20  Dated:  April 22, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

24  Davis2358.inj/2

5