UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNKNOWN, et al.,<br><br>    Defendants. | No. 2:23-cv-02358-DJC-CSK P<br><br>ORDER |

Plaintiff, a civil detainee proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 13, 2024, the Magistrate Judge filed Findings and Recommendations herein which were served on Plaintiff and which contained notice to Plaintiff that any objections to the Findings and Recommendations were to be filed within fourteen days.  (ECF No. 30.)  Plaintiff filed Objections on October 31, 2024.  (ECF No. 33.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds that the majority of the Findings and

1

Recommendations are supported by the record and by proper analysis and will adopt the Findings and Recommendations in part.

However, the Court disagrees with the Magistrate Judge's recommendation that this Court dismiss Plaintiff's Thirteenth Amendment claim on screening. In particular, Plaintiff, who is detained at CSP-Sac, alleges that he was recently assigned to work as a porter cleaning the housing unit. (*See* ECF No. 29 at 33.) Plaintiff contends this work assignment is slavery in violation of the Thirteenth Amendment because he is a civil detainee who is being forced to work without pay. (*Id.*)

The Magistrate Judge found that dismissal of this claim was warranted under *Phillips v. Angie*, No. 5:23-cv-01326-VBF (MAA), 2024 WL 649232 (C.D. Cal. Jan. 25, 2024), in which "the court rejected a similar claim brought by a pretrial detainee alleging that he was compelled to perform physical labor at Patton State Hospital in violation of the Thirteenth Amendment." (*Id.*) However, *Phillips* concerned claims brought by a criminal detainee; Plaintiff here is a *civil* detainee awaiting commitment proceedings pursuant to the Sexually Violent Predators Act. (ECF No. 30 at 3.) The Magistrate Judge fails to address this key distinction, despite the Ninth Circuit's recognition that "civilly detained persons must be afforded 'more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish'" and that, in determining the rights of civil detainees, "[t]he law generally requires a careful balancing of the rights of individuals who are detained for treatment, not punishment, against the state's interests in institutional security and the safety of those housed at the facility." *Hydrick v. Hunter*, 500 F.3d 978, 989–90 (9th Cir. 2007) (quoting *Youngberg v. Romeo*, 457 U.S. 307, 322 (1982) (discussing the rights afforded to persons civilly detained as sexually violent predators).

Several courts in this district have considered and dismissed similar Thirteenth Amendment claims brought by civil detainees. As those courts found, dismissal was appropriate because the "law is clear that prisoners may be required to work and that

2

any compensation for their labor exists by grace of the state," and the courts were "unable to find any case authority to justify a digression from this well-established law when the case involves a detainee rather than a prisoner." *Mix v. Rosalez*, No. 1:15-cv-01060-DLB (PC), 2016 WL 2907731, at *2 (E.D. Cal. May 18, 2016); *Williams v. Coleman*, No. 1:11–cv–01189–GBC (PC), 2012 WL 6719483, at *3 (E.D. Cal. Dec. 26, 2012); *Allen v. Mayberg*, No. 1:06–cv–01801–AWI–GSA (PC), 2008 WL 5135629, at *12 (E.D. Cal. Dec. 4, 2008).  However, in each of those cases, the courts relied on the fact that the plaintiffs in question were not required to work but were rather allowed to participate in vocational training or placement when available.  *See Mix*, 2016 WL 2907731, at *2; *Williams*, 2012 WL 6719483, at *3; *Allen*, 2008 WL 5135629, at *12. These findings are in contrast to Plaintiff's allegations that he is required to work as a porter and faces both direct and indirect punitive consequences for any failure to work, including losing "yard, canteen, activities, and visiting privileges," and "indefinite physical custody in CDCR."  (ECF No. 29 at 33.)

Given Plaintiff's status as a civil, not criminal, detainee, and his allegations that he is required to work without pay or face substantial consequences, the Court finds that Plaintiff's Thirteenth Amendment claim should proceed past the screening stage. Accordingly, the Court declines to dismiss that claim.  However, the Court will adopt the remainder of the Findings and Recommendations.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations (ECF No. 30) are ADOPTED in part;
2. All claims in the Second Amended Complaint (ECF No. 29) are DISMISSED except for the following claims: (1) alleged violation of Plaintiff's Fourteenth Amendment right to substantive due process based on the conditions at CSP-Sac against Defendants Price, Clendenin, Macomber, Lynch and Torres; (2) California Welfare and Institutions Code § 7301 violates the Constitution's prohibition of bills of attainder against Defendants Price and Clendenin; (3) alleged violation of Plaintiff's Fourteenth Amendment right to

procedural due process against Defendants Price and Clendenin based on the alleged lack of procedural protections prior to Plaintiff's transfer from CSH to CSP-Sac; and (4) Plaintiff's assignment to a porter job is slavery in violation of the Thirteenth Amendment against Defendant Torres and Does 11–20; and

3. This matter is referred back to the assigned Magistrate Judge for all pretrial proceedings.

IT IS SO ORDERED.

Dated:   **September 24, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

4