UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVIS, | No. 2:23-cv-2358 DJC CSK P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNKNOWN, et al., | |
| Defendants. | |

Plaintiff is a detainee, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion for a temporary restraining order and preliminary injunction filed March 23, 2026.  (ECF No. 56.)  For the following reasons, this Court recommends that this motion be denied without prejudice.

I.      LEGAL STANDARDS FOR INJUNCTIVE RELIEF

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555 U.S. at 20.

1

## II.   DISCUSSION

This action proceeds on the second amended complaint filed May 1, 2024.  (ECF No. 29.) In the second amended complaint, plaintiff alleges that he is a civil detainee awaiting commitment proceedings pursuant to the Sexually Violent Predators Act.  (Id. at 1.)  Plaintiff alleges that on May 2, 2023 he was transferred from Coalinga State Hospital ("CSH") to California State Prison-Sacramento ("CSP-Sac") without notice or a hearing.  (ECF No. 29 at 8.) Plaintiff also challenges the conditions of confinement at CSP-Sac.  Plaintiff alleges that he is treated identically to all other prisoners.  (Id. at 9.)  Plaintiff is offered no mental health therapy. (Id.)  Plaintiff is forced to share a cell with a prisoner serving a criminal sentence.  (Id.)  Plaintiff also claims that he was assigned as a porter and not paid for his labor.  (Id. at 10.)  The Court ordered service of the following claims raised in the second amended complaint: (1) alleged violation of plaintiff's Fourteenth Amendment right to substantive due process based on the conditions at CSP-Sac against defendants Price, Clendenin, Macomber, Lynch and Torres; (2) California Welfare and Institutions Code § 7301 violates the Constitution's prohibition of bills of attainder against defendants Price and Clendenin; (3) alleged violation of plaintiff's Fourteenth Amendment right to procedural due process against defendants Price and Clendenin based on the alleged lack of procedural protections prior to plaintiff's transfer from CSH to CSP-Sac; and (4) plaintiff's assignment to a porter job is slavery in violation of the Thirteenth Amendment against defendants Torres and Does 11-20.  (ECF No. 38.)

On January 2, 2025, plaintiff filed a notice of change of address reflecting that he had been transferred back to CSH from CSP-Sac.  (ECF No. 34.)  On December 30, 2025, defendants Lynch, Macomber and Torres filed an amended answer.  (ECF No. 51.)  On January 16, 2026, defendants Clendenin and Price filed an amended motion to dismiss.  (ECF No. 53.)  In support of the amended motion to dismiss, defendants filed records showing that plaintiff transferred back to CSP-Sac from CSH on December 19, 2025.  (ECF No. 53-2 at 4.)  On March 23, 2026, in response to the amended motion to dismiss, plaintiff filed a motion for leave to file a third amended complaint.  (ECF No. 57.)  Plaintiff did not file a proposed third amended complaint. See docket.  On March 23, 2026, plaintiff also filed the pending motion for injunctive relief.

(ECF No. 56.)  In the pending motion, plaintiff alleges that on December 19, 2025 he was transferred from CSH to CSP-Sac without notice or a hearing.  (Id. at 5.)  Plaintiff also alleges that he is housed under conditions similar to those alleged in the second amended complaint.  (Id. at 8.)  Plaintiff alleges that he is housed with convicted prisoners, subjected to punitive conditions, denied mental health care and faces daily risks of harm.  (Id. at 8.)  Plaintiff requests that he be transferred back to CSH.  (Id. at 9.)

For the following reason, this Court recommends that plaintiff's motion for injunctive relief be denied.  Plaintiff's motion for leave to file a third amended complaint demonstrates plaintiff's intent to amend his claims.  In order to determine whether plaintiff is likely to succeed on the merits of his claims and because plaintiff intends to amend his claims, the Court should review the claims raised in a third amended complaint rather than the claims raised in the second amended complaint.  For this reason, this Court recommends that the pending motion for injunctive relief be denied without prejudice and that plaintiff be permitted to refile his motion for injunctive relief following resolution of his motion to file a third amended complaint.

## III.    CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 56) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Davi2358.57(2)/2

3