UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL DAVIS,

          Plaintiff,

    v.

UNKNOWN, et al.,

          Defendants.

No.  2:23-cv-2358 DJC CSK P

ORDER AND AMENDED FINDINGS AND RECOMMENDATIONS

Plaintiff is a detainee proceeding without counsel with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for a temporary restraining order and preliminary injunction filed March 23, 2026.  (ECF No. 56.)  On March 27, 2026, this Court recommended that plaintiff's motion for injunctive relief be denied.  (ECF No. 58.)  For the reasons that follow, the March 27, 2026 findings and recommendations are vacated and this Court issues amended findings and recommendations again recommending that plaintiff's motion for injunctive relief be denied.

I.      **LEGAL STANDARD FOR INJUNCTIVE RELIEF**

A temporary restraining order is an "extraordinary remedy," and a motion requesting one is assessed under the same rubric as a motion for a preliminary injunction.  See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in

1

the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter, 555 U.S. at 20.

**II.     DISCUSSION**

On March 23, 2026, plaintiff filed a motion for a temporary restraining order and preliminary injunction challenging conditions of confinement at California State Prison-Sacramento ("CSP-Sac"). (ECF No. 56.) On March 27, 2026, this Court recommended that plaintiff's motion for injunctive relief be denied based on plaintiff's intent to file an amended complaint. (ECF No. 58.) These findings and recommendations were served on plaintiff at Coalinga State Hospital ("CSH"), which was plaintiff's current address at the time the findings and recommendations were filed. This Court was not aware of plaintiff's transfer to CSH at the time the findings and recommendations were filed. On April 7, 2026, the March 27, 2026 findings and recommendations were returned unserved on plaintiff. (See docket.) On April 17, 2026, plaintiff filed objections to the March 27, 2026 findings and recommendations and a notice of change of address reflecting his current location as CSP-Sac. (ECF Nos 60, 61.) Plaintiff signed the objections and notice of change of address on April 6, 2026. (ECF No. 60 at 7, ECF No. 61 at 1.)

On May 6, 2026, this Court observed that the California Department of Corrections and Rehabilitation Incarcerated Records and Information Search website reflected that plaintiff was currently housed at Salinas Valley State Prison ("SVSP"). (ECF No. 62 at 2.) This Court ordered defendants to file a status report addressing whether plaintiff was now housed at SVSP and, if so, when plaintiff transferred to SVSP. (Id.) On May 8, 2026, defendants filed a status report stating that plaintiff is currently housed at SVSP and that plaintiff transferred to SVSP from CSP-Sac on March 25, 2026. (ECF No. 63.)

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, because plaintiff is no longer housed at CSP-Sac, his motion for a temporary restraining order and for a preliminary injunction should be denied as

2

moot.  The March 27, 2026 findings and recommendations are vacated based on these amended findings and recommendations.

Accordingly, IT IS HEREBY ORDERED:

1.  The March 27, 2026 findings and recommendations (ECF No. 58) are vacated.

2.  The Clerk of Court is directed to amend court records to reflect plaintiff's new address at Salinas Valley State Prison.

IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 56) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 15, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Davi2358.fr/2

3