UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL DAVIS,<br>Plaintiff,<br>v.<br>UNKNOWN, et al.,<br>Defendants. | No. 2:23-cv-2358 DJC CSK P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a civil detainee, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion to file a third amended complaint and proposed third amended complaint. (ECF Nos. 68, 69.) For the reasons that follow, this Court grants plaintiff's motion to amend in part and recommends that the motion to amend be denied in part.

## I. BACKGROUND

On September 30, 2025, this Court ordered service of plaintiff's second amended complaint as to defendants Coalinga State Hospital ("CSH") Executive Officer Brandon Price, California Department of State Hospitals ("DSH") Director Stephanie Clendenin, California

Department of Corrections and Rehabilitation ("CDCR") Director Macomber, California State Prison-Sacramento ("CSP-Sac") Warden Lynch and CSP-Sac clinical psychologist Dr. Torrez[1] as to the following claims: (1) alleged violation of plaintiff's Fourteenth Amendment substantive due process rights based on conditions at CSP-Sac against defendants Price, Clendenin, Macomber, Lynch and Torrez; (2) California Welfare and Institutions Code § 7301 violates the Constitution's prohibition of bills of attainder against defendants Price and Clendenin; (3) alleged violation of plaintiff's Fourteenth Amendment right to procedural due process against defendants Price and Clendenin based on the alleged lack of procedural protections prior to plaintiff's transfer from CSH to CSP-Sac; and (4) plaintiff's assignment to a porter job is slavery in violation of the Thirteenth Amendment against defendant Torrez and Does 11-20. (ECF No. 39.)

On December 30, 2025, defendants Torrez, Lynch and Macomber filed an amended answer to the second amended complaint. (ECF No. 51.) On January 16, 2026, defendants Price and Clendenin filed an amended motion to dismiss the second amended complaint. (ECF No. 53.) On July 27, 2026, plaintiff filed a motion for leave to file a third amended complaint and a proposed third amended complaint. (ECF Nos. 68, 69.) On July 30, 2026, this Court vacated the motion to dismiss the second amended complaint. (ECF No. 70.) On August 13, 2026, defendants Price and Clendenin filed a statement of non-opposition to plaintiff's motion for leave to file a third amended complaint. (ECF No. 72.)

## II. SCREENING STANDARDS

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

---

[1] Plaintiff identifies this defendant as defendant Torres. In the amended answer, defendants identify this defendant as defendant Torrez. (ECF No. 51.) This Court will refer to defendant Torrez by the name stated in the amended answer.

Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## III. DISCUSSION

Named as defendants in the third amended complaint are previously named defendants Price, Clendenin, Lynch, Macomber and Torrez. (ECF No. 69 at 2-3.) Plaintiff names two new defendants: CSH Executive Officer Wallace and Salinas Valley State Prison ("SVSP") Warden Santoro. (Id. at 3-4.) Plaintiff also names the following doe defendants: (1) does 1-10: officers, agents, employees, contractors of CSH who played direct and indirect roles in plaintiff's transfer to CDCR; (2) does 11-20: officers, agents, employees and contractors of CDCR and/or CSP-Sac who played direct and indirect roles in plaintiff's custody at CSP-Sac and in his assignment as a porter; and (3) does 21-30: officers, agents, employees and contractors of CDCR and SVSP who played direct and indirect roles in plaintiff's custody at SVSP and in plaintiff's assignment

pursuant to California Code of Regulations, title 15, § 3040(a).[2] (Id. at 4.)

Plaintiff alleges that he is a civil detainee awaiting commitment proceedings pursuant to the Sexually Violent Predators Act ("SVPA"). (Id. at 6.) On or around May 1, 2023, plaintiff transferred from CSH to CSP-Sac pursuant to California Welfare and Institutions Code § 7301 without notice or a hearing. (Id. at 7.) On or around December 22, 2025, plaintiff transferred from CSH to CSP-Sac pursuant to California Welfare and Institutions Code § 7301 without notice or a hearing. (Id.) On or about March 25, 2026, plaintiff transferred from CSP-Sac to SVSP. (Id.)

**A. Claim One: Bill of Attainder**

Plaintiff claims that defendants Price, Wallace, Clendenin and Macomber personally participated in "invoking, authorizing, or implementing" plaintiff's transfers pursuant to California Welfare and Institutions Code § 7301. (ECF No. 69 at 15.) This claim appears to be based on plaintiff's transfers from CSH to CSP-Sac, as plaintiff does not claim that these defendants participated in his transfer from CSP-Sac to SVSP or that Section 7301 applied to the transfer from CSP-Sac to SVSP. (See id. at 2-4, 7.) Plaintiff claims that Section 7301 is an unlawful bill of attainder. (Id. at 13-15.) Section 7301 provides as follows:

> Whenever, in the opinion of the Director of State Hospitals and with the approval of the Secretary of the Department of Corrections and Rehabilitation, any person who has been committed to a state hospital pursuant to provisions of the Penal Code or who has been placed in a state hospital temporarily for observation pursuant to, or who has been committed to a state hospital pursuant to Article 1 (commencing with Section 6300) of Chapter 2 of Part 2 of Division 6 of this code needs care and treatment under conditions of custodial security which can be better provided within the Department of Corrections and Rehabilitation, the person may be transferred for those purposes from an institution under the jurisdiction of the State Department of State Hospitals to an institution under the jurisdiction of the Department of Corrections and Rehabilitation.
>
> Persons so transferred shall not be subject to the provisions of Section 4500, 4501, 4501.5, 4502, 4530, or 4531 of the Penal Code. However, they shall be subject to the general rules of the Secretary of the Department of Corrections and Rehabilitation and of the facility where they are confined and any correctional employee

[2] California Code of Regulations, Title 15, § 3041.1(a) addresses eligibility criteria and priority placement in the Cognitive Behavioral Interventions programs.

> dealing with those persons during the course of an escape or attempted escape, a fight or a riot, shall have the same rights, privileges and immunities as if the person transferred had been committed to the Secretary of the Department of Corrections and Rehabilitation.
>
> Whenever a person is transferred to an institution under the jurisdiction of the Department of Corrections and Rehabilitation pursuant to this section, any report, opinion, or certificate required or authorized to be filed with the court which committed the person to a state hospital, or ordered the person placed therein, shall be prepared and filed with the court by the head of the institution in which the person is actually confined or by the designee of the head of the institution.

Cal. Welfare and Institutions Code § 7301.

The Constitution instructs Congress that, "No Bill of Attainder ... shall be passed." U.S. Const. art. I, § 9, cl. 3. "A bill of attainder is 'a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial.'" SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 668 (9th Cir. 2002) (quoting Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 468, (1977)). The Bill of Attainder Clause implements the doctrine of separation of powers. See id. (citing Nixon, 433 U.S. at 469). "Just as Article III confines the Judiciary to the task of adjudicating concrete 'cases or controversies,' so too the Bill of Attainder Clause was found to 'reflect ... the Framers' belief that the Legislative Branch is not so well suited as politically independent judges and juries to the task of ruling upon the blameworthiness of, and levying appropriate punishment upon, specific persons.'" Nixon, 422 U.S. at 469 (quoting United States v. Brown, 381 U.S. 437, 445 (1965)). "Three key features brand a statute a bill of attainder: that the statute (1) specifies the affected persons, and (2) inflicts punishment (3) without a judicial trial." Mineta, 309 F.3d at 668 (footnote omitted) (citing Selective Serv. Sys. v. Minnesota Pub. Interest Research Group, 468 U.S. 841, 847 (1984)).

This Court finds that plaintiff's claim alleging that Section 7301 violates the Constitution's prohibition of bills of attainder states a potentially colorable claim against defendants Price, Wallace, Clendenin and Macomber based on plaintiff's transfers from CSH to

CSP-Sac pursuant to this statute.[3] See Drake v. Clendenin, 2023 WL 4534506, at *11 (E.D. Cal. Jul. 13, 2023) (finding potentially colorable claim by civil detainee alleging that California Welfare and Institutions Code § 7301 violates the Constitution's prohibition of bills of attainder because it allows civil detainees to be sent to prison from a civil hospital institution without trial), findings and recommendations adopted, 2023 WL 7026739 (E.D. Cal. Oct. 25, 2023).

Plaintiff names defendants CSP-Sac Warden Lynch and SVSP Warden Santoro in claim one based on the claim that these defendants accepted custody of plaintiff. (ECF No. 69 at 15.) Plaintiff does not state a potentially colorable bill of attainder claim against defendants CSP-Sac Warden Lynch or SVSP Warden Santoro because plaintiff does not claim that either defendant CSP-Sac Warden Lynch or defendant SVSP Warden Santoro participated in a decision to transfer plaintiff pursuant to § 7301. Accordingly, the bill of attainder claims against defendants CSP-Sac Warden Lynch and SVSP Warden Santoro should be dismissed.

**B. Claim Two: Procedural Due Process**

Plaintiff names defendants Price, Wallace, Clendenin and Macomber as defendants in claim two. (ECF No. 69 at 15.) Plaintiff claims that he was denied due process in his transfer from CSH to CDCR because he did not receive notice, a hearing or a written decision prior to his transfer. (Id. at 15-16.) This claim appears to be based on plaintiff's transfers from CSH to CSP-Sac, as plaintiff does not claim that these defendants participated in his transfer from CSP-Sac to SVSP. (See id. at 2-4.) Plaintiff claims that defendants Price and Wallace recommended plaintiff's transfers without affording due process. (Id. at 16.) Plaintiff claims that defendant Clendenin approved plaintiff's transfer without affording due process. (Id.) Plaintiff claims that defendant Macomber accepted plaintiff's transfers to CDCR without affording due process. (Id.)

Civilly committed detainees have a liberty interest in not being punished without due process. See Williams v. Santiago, 2016 WL 6494268, at *3 (E.D. Cal. Nov. 1, 2016) (citing

[3] This Court initially did not find that plaintiff stated a potentially colorable Bill of Attainder claim against defendant Macomber based on plaintiff's transfer from CSH to CSP-Sac. (See ECF No. 30 at 9.) However, based on the allegations in the third amended complaint and further review of California Welfare and Institutions Code § 7301 (under which a transfer requires the approval of the Secretary of CDCR), this Court finds that plaintiff states a potentially colorable Bill of Attainder claim against defendant Macomber.

Rhoden v. Carona, 2010 WL 4449711, at *21 (C.D Cal. Aug. 24, 2010)). As discussed below, in claim three, plaintiff alleges that his conditions of confinement at CSP-Sac amount to punishment because he is subject to the same conditions as convicted prisoners. This Court finds that plaintiff states a potentially colorable procedural due process claim against defendants Price, Wallace and Clendenin based on the alleged lack of procedural protections prior to plaintiff's transfer from CSH to CSP-Sac. See Drake, 2023 WL 4534506, at *9-10 (ordering service of claim by detainee alleging lack of due process prior to transfer from state hospital to prison).

Plaintiff does not claim that defendant Macomber denied him procedural protections, but that he accepted plaintiff's transfers after plaintiff was allegedly denied due process. (ECF No. 69 at 16.) Based on these allegations, this Court finds that plaintiff does not state a potentially colorable procedural due process claim against defendant Macomber.

**C. Claim Three: Due Process/Conditions of Confinement**

Plaintiff claims that his conditions of confinement at CSP-Sac and SVSP, where he was housed in both administrative segregation and the general population, are punitive. (ECF No. 69 at 8.) Plaintiff describes these conditions. (Id. at 8-12.) Plaintiff claims that these conditions violate his right to due process and names all defendants in claim three. (Id. at 16-17.) This Court finds that plaintiff states a potentially colorable Fourteenth Amendment due process claim against defendants Price, Wallace, Clendenin, Macomber, Lynch, Torrez and Santoro based on the conditions of confinement described in the third amended complaint and plaintiff's description of defendants' involvement in these alleged deprivations. (See ECF No. 69 at 2-4; 16-17; ECF No. 30 at 6-7 (describing legal standard for Fourteenth Amendment conditions of confinement claim).)

**D. Claim Four: California Penal Code §§ 4001, 4002**

Plaintiff claims that defendants Lynch and Santoro violated California Penal Code § 4001 and § 4002 by housing plaintiff with inmates convicted of criminal offenses. (ECF No. 69 at 18.) Section 4001 requires county jails to "contain a sufficient number of rooms" to separately confine pre-trial detainees, convicted persons, and persons held under civil process. Cal. Penal Code § 4001. Section 4002 provides that sexually violent predators "shall be held in administrative

segregation" and "shall not be kept or put in the same room" as inmates not held under the SVPA. Cal. Penal Code § 4002.

A private right of action under a criminal statute has rarely been implied. See Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." Id. (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). Here, plaintiff does not argue that a private cause of action is implied in California Penal Code §§ 4001 and 4002, and there is no indication in those statutes that civil enforcement is available to him. See Sundquist v. Philp, 346 F. App'x 143, 144-45 (9th Cir. 2009) (granting summary judgment for defendants and noting that plaintiff had not shown that California Penal Code §§ 4001 and 4002 afforded a private right of action or that a violation was actionable under § 1983). Accordingly, claim four should be dismissed.

**E. Claim Five: Thirteenth Amendment**

Plaintiff claims that defendant Torrez assigned plaintiff to work as a porter at CSP-Sac. (ECF No. 69 at 20.) Plaintiff claims that his compelled labor violates the Thirteenth Amendment. (Id. at 18-20.) This Court finds that plaintiff states a potentially colorable Thirteenth Amendment claim. (See ECF No. 38 (order by district court finding potentially colorable Thirteenth Amendment claim).)

**F. Doe Defendants**

As discussed above, plaintiff names the following doe defendants: (1) does 1-10: officers, agents, employees, contractors of CSH who played direct and indirect roles in plaintiff's transfer to CDCR; (2) does 11-20: officers, agents, employees and contractors of CDCR and/or CSP-Sac who played direct and indirect roles in plaintiff's custody at CSP-Sac and in his assignment as a porter; and (3) does 21-30: officers, agents, employees and contractors of CDCR and SVSP who played direct and indirect roles in plaintiff's custody at SVSP and in plaintiff's assignment pursuant to California Code of Regulations, title 15, § 3040(a). (ECF No. 69 at 4.)

"[G]eneral allegations that [Doe Defendants] committed wrongdoing" are improper and "the use of 'John Doe' to identify a defendant is not favored." Villarreal v. County of Monterey,

254 F. Supp. 3d 1168, 1194-95 (N.D. Cal. 2017). Plaintiff's third amended complaint makes allegations against the doe defendants generally and fails to separately identify any doe defendant or their conduct. Because plaintiff has not identified any specific action taken by any separately identified doe defendant, plaintiff fails to state a potentially colorable claim against any doe defendant. See Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976) (there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a particular defendant's actions and the claimed deprivation). Accordingly, this Court separately recommends dismissal of the claims against all doe defendants.

## IV. CONCLUSION

The Court previously screened plaintiff's original, first and second amended complaints. (ECF Nos. 14, 25, 30.) Because plaintiff has had adequate opportunity to amend his complaint three times, and it is clear that plaintiff cannot cure the pleading defects discussed above, this Court recommends dismissal without leave to amend of all claims in the third amended complaint that do not state potentially colorable claims for relief. See Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting Schucker v. Rockwood, 846 F.2d 1202-04 (9th Cir. 1998) (per curiam)).

As discussed above, this Court finds that the third amended complaint states the following potentially colorable claims for relief: (1) claim one: bill of attainder claim against defendants Price, Clendenin, Macomber, Wallace based on plaintiff's transfers from CSH to CSP-Sac; (2) claim two: violation of right to procedural due process against defendants Price, Wallace and Clendenin based on plaintiff's transfers from CSH to CSP-Sac; (3) claim three: due process claim based on conditions of confinement against defendants Price, Clendenin, Lynch, Macomber, Torrez, Santoro and Wallace; and (4) claim five: violation of the Thirteenth Amendment prohibition against slavery against defendant Torrez. Following the district court's adoption of these findings and recommendations, this Court will direct defendants Price, Clendenin, Macomber, Lynch and Torrez to respond to the potentially colorable claims and order service of defendants Santoro and Wallace.

This Court recommends that the following claims raised in the third amended complaint be dismissed without leave to amend for failing to state potentially colorable claims for relief: (1) claim one: bill of attainder claims against defendants Lynch and Santoro; (2) claim two: procedural due process claim against defendant Macomber; (3) claim four: alleged violations of California Penal Code §§ 4000, 4001; and (4) all claims against doe defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a third amended complaint (ECF No. 68) is granted as to the claims found potentially colorable in this order.

Further, IT IS HEREBY RECOMMENDED that plaintiff's motion for leave to file a third amended complaint (ECF No. 68) be denied as to the following claims: (1) claim one: bill of attainder claims against defendants Lynch and Santoro; (2) claim two: procedural due process claim against defendant Macomber; (3) claim four: alleged violations of California Penal Code §§ 4000, 4001; and (4) all claims against doe defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Davi2358.3ac/2